**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TAKEOUT, INC.,<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 05-11931 (BRL) |
| TAKEOUT, INC., by its Official Committee of Unsecured Creditors<br><br>                    Plaintiff,<br><br>v.<br><br>FAVOUR CENTURY LIMITED a/d/b/a ASCENT MUNG HUNG<br><br>                    Defendants. | Adv. Pro. No. 07-01666 (BRL) |

### MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Takeout, Inc. ("Plaintiff" or "Takeout"), by its Official Committee of Unsecured Creditors, seeks entry of an order: (1) either issuing a Certificate of Default or directing the clerk of the Court to issue such a certificate pursuant to Local Bankruptcy Rule ("LBR") 7055-1; and (2) granting a default judgment in Plaintiff's favor and against defendant Favour Century Limited a/d/b/a Ascent Mung Hung ("Defendant") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("FRCP") made applicable to adversary proceedings by Rule 7055 of the Federal Rules of Bankruptcy Procedure ("FRBP") on the grounds that Defendant failed to answer or move against Plaintiff's complaint within the required time or at any time.  Indeed, Defendant did not respond to Plaintiff's complaint in the form of an answer or a motion.  Instead,

1

Defendant's counsel sent a short letter to Plaintiff stating that he was not the appropriate party on which to effect service on Defendant.

## BACKGROUND

On March 25, 2005, three unsecured creditors of Plaintiff filed an involuntary petition (the "Petition") with this Court against Plaintiff pursuant to Chapter 7 of the United States Bankruptcy Code. Defendant was one of the three petitioning creditors. Prior to the filing of the Petition, Plaintiff's business consisted of designing, manufacturing through sub-contractors in Asia and selling sweaters to mass retailers in the United States. Defendant was one of Plaintiff's subcontractors.

On April 1, 2005, this Court granted Plaintiff's motion and converted its Chapter 7 case to a Chapter 11 case. On April 28, 2005, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors for Takeout (the "Committee"). Defendant was one of the members appointed to the Committee and was represented by Michael D. Brofman, Esq. ("Brofman") at Weiss, Zarett and Hirshfeld, P.C. Mr. Brofman played an active role on the Committee by participating at meetings and recommending that Paritz and Co., the personal choice of Defendant and its counsel, be appointed as forensic accountants to the Committee. He later resigned as a member by letter dated August 26, 2006, almost one and a half years after the commencement of the case.

On July 21, 2005, Defendant filed a proof of claim against Plaintiff's estate in the amount of $2,595,265.05. The proof of claim listed Mr. Brofman's law firm as Defendant's address to which all notices were to be sent and was executed by Mr. Brofman on Defendant's behalf.

In late March, Plaintiff filed a complaint (the "Complaint") against Defendant seeking: (a) to avoid alleged preferential and/or fraudulent transfers in the aggregate amount of $505,000

2

made by Plaintiff to Defendant within the ninety-day period preceding the Petition; (b) to award Plaintiff attorneys' fees; (c) to expunge Defendant's proof of claim; (d) to award Plaintiff the costs and disbursements of the adversary proceedings; and (e) other and further relief as this Court deems just and proper.

On April 11, 2007, Plaintiff served the summons, pre-trial conference notice and the Complaint by certified mail on both Mr. Brofman and on Defendant in China.  Plaintiff's service on the Defendant was not effectuated as the envelope containing the pleadings was returned with an indication that the Defendant had moved without leaving a forwarding address.  In response to receipt of the pleadings, Mr. Brofman sent a letter dated April 17, 2007 to Plaintiff stating that he was not an agent for service of process on Defendant (the "Brofman Letter").  Plaintiff responded to the Brofman Letter by sending two letters of his own (one dated April 24, 2007 and the other dated May 2, 2007) directing Mr. Brofman's attention to case law in this district which held that service of process on counsel was proper in fact situations similar to the facts in this matter.  Mr. Brofman did not respond to either of Plaintiff's letters.  The time to answer or move with respect to the Complaint has long expired.  *See* FRBP 7012.

## DISCUSSION

**I. This Court has personal jurisdiction over Defendant.**

Although personal jurisdiction was not raised as an issue in the Brofman Letter, it is clear that Defendant submitted itself to the personal jurisdiction of this Court when it signed the involuntary petition against Takeout on March 25, 2005 and filed a proof of claim in Takeout's Chapter 11 case on July 21, 2005 in the amount of $2,595,265.05.  *See In re PNP Holdings Corp.*, 184 B.R. 805, 805 (B.A.P. 9th Cir. 1995).

3

**II. Plaintiff's service of process on Defendant's counsel was proper.**

Plaintiff's service of process on Defendant's counsel, Mr. Brofman, by certified mail constituted valid and effective service on Defendant because Defendant, a foreign corporation based in China, explicitly and impliedly appointed Mr. Brofman as its authorized agent for service of process and Bankruptcy Rule 7004(b)(3) and (8) permits service on a foreign corporation by service on its agent by mail.

Defendant explicitly appointed Mr. Brofman as its authorized agent for service of process by listing Mr. Brofman's address on its proof of claim. The designation of an address on a proof of claim constitutes explicit appointment of the addressee as an agent for service of process. *See In re Ms. Interpret*, 222 B.R. 409, 415 (Bankr. S.D.N.Y. 1998). When service of process is effectuated at an address listed in a proof of claim, due process is achieved. *See Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.)*, 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985); *see also In re Village Craftsman, Inc.*, 160 B.R. 740, 745 (Bankr. D.N.J. 1993) (holding that service to the address designated in a proof of claim is proper). A party may not sign a proof of claim and then maintain that it did not want its notices sent to the address found within the proof of claim. *See In re Ms. Interpret*, 222 B.R. at 415 (denying foreign defendant's motion to dismiss an adversary proceeding in a preference action for lack of service where service was effectuated on its counsel because defendant's proof of claim designated its counsel's address as its address); *Green Tree Fin. Servicing Corp. v. Karbel (In re Karbel)*, 220 B.R. 108, 112 (10th Cir. BAP 1998) (holding that service of motion to address supplied by creditor to clerk of the court was proper and due process was met).

In addition to Defendant's explicit appointment of Mr. Brofman as its authorized agent for service of process by naming Mr. Brofman in its proof of claim as the party to receive all

4

notices, Defendant also impliedly appointed Mr. Brofman as its authorized agent for service of process through his participation on Defendant's behalf on the Creditors' Committee. When a creditor, through its counsel actively participates in a Chapter 11 case, the creditor implicitly permits its counsel to receive service of process on its behalf. *See Reisman v. First New York Bank for Bus. (In re Reisman)*, 139 B.R. 797, 801 (Bankr. S.D.N.Y. 1992). Therefore, Mr. Brofman was impliedly authorized to act as an agent to accept service on Defendant's behalf.

Thus, Plaintiff's service of process by certified mail on Defendant's counsel, its authorized agent, was proper pursuant to Bankruptcy Rule 7004(b)(3) and (8), which expressly authorizes service on a foreign corporation by service on its agent by mail. It states:

> (b) *Service by First Class Mail*. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R. Civ. P, service may be made within the United States by first class mail postage prepaid as follows:
> (3) Upon a domestic or <u>foreign corporation</u> or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, <u>or to any other agent authorized by appointment or by law to receive service of process</u> and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
> (8) <u>Upon any defendant, it is also sufficient if a copy of the summons and complaint is mailed to an agent of such defendant authorized</u> by appointment or <u>by law to receive service of process</u>, at the agent's dwelling house or usual place of abode <u>or at the place where the agent regularly carries on a business or profession</u> and, if the authorization so requires, by mailing also a copy of the summons and complaint to the defendant as provided in this subdivision.

(emphasis added).

Therefore, service of process on Defendant's counsel as authorized agent for Defendant was valid and effective.

**III. Plaintiff is entitled to a default judgment in its favor.**

Defendant's failure to answer or otherwise move with respect to the Complaint within the required time frame entitles Plaintiff to (a) the issuance of a Certificate of Default pursuant to LBR 7055-1 and to (b) the entry of a default judgment in its favor and against Defendant for

5

relief sought in the Complaint pursuant to FRCP 55(a) and (b)(2), made applicable herein by Bankruptcy Rule 7055.  Therefore, Plaintiff is entitled to a default judgment in its favor.

## **CONCLUSION**

For the reasons set forth above and at oral argument, the Motion for Default Judgment is granted.

IT IS SO ORDERED.


Dated: March 17, 2009
      New York, New York                              /s/Burton R. Lifland_____
                                                                The Honorable Burton R. Lifland
                                                                United States Bankruptcy Judge